**LIBERTY STEEL COMPANY,**
Appellant,

v.

The **OKLAHOMA TAX COMMISSION,** an
Agency of the State of Oklahoma,
Appellee.

No. 48519.

Supreme Court of Oklahoma.
June 15, 1976.

Weil, Craig & Fischman, P. C., Lawrence Fischman, Dallas, Tex., Robert G. Grove, Oklahoma City, for appellant.

Lester D. Hoyt, Gen. Counsel, Stanley J. Alexander, Clyde E. Fosdyke, F. Karen Grethen, Oklahoma City, for appellee.

DOOLIN, Justice.

Do the sales tax provisions of 68 O.S. 1971 § 1407 impose such a burden on interstate commerce by regulation through taxation thereof as to violate article I § 8 cl. 3 and the 14th amendment to the Constitution of the United States?

The first part of this statute, which is a provision of the Use Tax Code, provides the Oklahoma Tax Commission may authorize an out of state *seller* to collect the use tax imposed by the act on the *buyer*. Its validity is not challenged. The portion of the statute which is in jeopardy reads as follows:

"* * * * * Provided, however, that in all instances where such sales are

made or completed by delivery to the purchaser within this State by the retailer or vendor in such retailer's or vendor's vehicle, whether owned or leased (not by common carrier), such sales or transactions shall continue to be subject to applicable State and any local sales tax at the point of delivery and the tax shall be collected and reported under taxpayer's sales tax permit number accordingly."

Appellant Liberty Steel (Liberty) is a corporation organized under the laws of the State of Texas, with its principal place of business in Dallas. Liberty purchases and resells metal beams, angles and strips etc. to users, contractors and manufacturers for use in construction projects, but not to retailers for resale. It has never maintained an office in Oklahoma, advertised in Oklahoma or had any employees who reside in Oklahoma. It accepts orders in its Dallas office by phone or mail and through outside salesmen who call on customers in Oklahoma. Deliveries are made by trucks owned by Liberty and are F.O.B. origin. During the year of 1974, 25% of Liberty's total sales volume was to residents of Oklahoma.

A Commission sales tax auditor made a request of Liberty to audit its books and records with a view toward determining its sales tax liability, if any, to the State of Oklahoma for the years 1972, 1973 and 1974. Liberty denied the request and filed a protest with the Commission. This appeal by Liberty is taken from an order of the Commission denying the protest.

Liberty concedes its transactions are within the scope of 68 O.S.1971 § 1407, acknowledging if the statute is constitutional and the sales tax is held to be a valid assessment, then Commission has the right to audit its books.

▆ A sales tax, as opposed to a use tax, is imposed on the sale itself and is collectible from the seller. To be taxable in Oklahoma the sale must be made in Oklahoma. Liberty contends because the sales

are made to residents of Oklahoma does not necessarily mean the sales are made *in* Oklahoma. It asserts that such a tax is a tax on interstate commerce in violation of the commerce clause and the due process provisions of the United States Constitution, relying materially on *McLeod v. J. E. Dilworth Co.*, 322 U.S. 327, 64 S.Ct. 1023, 88 L.Ed. 1304 (1944).

Commission does not dispute the transactions are interstate in nature, but counters by denying that all interstate commerce is constitutionally non-taxable by the states. It submits the statute covers the situation where the seller by using his own trucks on Oklahoma Highways to deliver merchandise to Oklahoma residents subjects himself to the taxing and police power of this state. Whereas the first part of the statute authorizes seller to *collect* use tax levied on *buyer*, when sale is not made in Oklahoma, the portion we deal with today imposes a sales tax on the *seller* when the sale is made in Oklahoma. It argues the statute is not unconstitutional in that the sale of goods by Liberty takes place in Oklahoma because Liberty solicits sales in Oklahoma, makes deliveries in Oklahoma, and possession is transferred to buyer in Oklahoma.

▆ A tax imposed by a state affecting interstate commerce in order to be valid must pass two constitutional hurdles: the commerce clause and the due process clause of the fourteenth amendment. The due process problem is concerned with "minimum contacts" or "nexus" between the subject matter and the taxing state. In order that a state may be entitled to levy a tax, there must be some minimum connection between the state and the person, property or transaction it seeks to tax. *Scripto, Inc. v. Carson*, 362 U.S. 207, 80 S. Ct. 619, 4 L.Ed.2d 660 (1960). An article transported in interstate commerce that has arrived at its destination in Oklahoma and is held there for use or disposal, passes under the protection of state law and becomes subject to the taxing and police

power of this state. *Tad Screen Advertising, Inc. v. Oklahoma Tax Commission,* 126 F.2d 544 (10th Cir. 1942).

In the area of state taxation the problems of due process are intermingled with those of the commerce clause, which in itself does not expressly recognize or reject the states' power to tax interstate commerce. But in vesting in the United States Congress the exclusive power to regulate interstate commerce, the Constitution inherently limits a state's power to tax it. In order for such a tax to be upheld it must not discriminate against or be an unreasonable burden on interstate commerce, or create double taxation. *McGoldrick v. Berwin-White Coal Mining Co.,* 309 U.S. 33, 60 S.Ct. 388, 84 L.Ed 565 (1939). There the Court stated that not all taxation affecting interstate commerce is to be condemned and if the tax in question as applied, is without the possibility of the above mentioned consequences it should be upheld. A state may impose a sales tax on a sale within the state even if the goods have been shipped into the state through interstate commerce. This is not a direct burden on interstate commerce but rather is a manner of forcing interstate commerce to pay its own way.

The transfer of possession to the purchaser within the state, is the taxable event regardless of the time and place of passing title. *McGoldrick v. Berwind-White Coal Mining Company* supra. In *McLeod v. J. E. Dilworth Co.* supra, relied upon by Liberty, the merchandise was shipped to Arkansas by *common carrier*. Possession was transferred from Dilworth to buyers in Tennessee not in Arkansas. The Supreme Court declared Arkansas could not impose a sales tax on this type transaction. The Court held since the transfer of ownership, and thus the sale, was made in Tennessee, for Arkansas to impose a sales tax would be improper and a burden on interstate commerce. Liberty seeks to convince us *McLeod* stands for

the proposition that if transactions are interstate in nature the federal government alone may impose a tax upon them and the statutory attempt at taxation by Oklahoma must fail. We do not accept this approach.

The constitutional requirements of *McGoldrick v. Berwind-White Coal Mining Company,* supra, were recently reiterated in *Standard Pressed Steel Co. v. Washington Department of Revenue,* 419 U.S. 560, 95 S.Ct. 706, 42 L.Ed.2d 719 (1975). Imposition of a challenged tax was held not violative of due process because the measure of tax bore a relationship to benefits conferred on the manufacturer by the state and further it was not repugnant to the commerce clause because there was no showing of multiple taxation on its interstate business and the tax was apportioned exactly to the activities taxed.

Our statute does not establish an impermissible tax on interstate commerce. The use by Liberty of Oklahoma highways, its solicitation of sales in Oklahoma and delivery of its merchandise to Oklahoma buyers, all create a sufficient relationship with the state so that imposition of sales tax is not violative of due process because necessary contacts are present. Further since the 25% of total volume of business done with Oklahoma residents is the only portion of Liberty's business sought to be taxed by Oklahoma, the tax is directly apportioned to activities here, non-discriminatory and thus not an unreasonable burden on commerce between the two states. There is no allegation of, or evidence before us that Texas has taxed this portion of Liberty's sales creating multiple taxation. Consequently the imposition of a sales tax on merchandise sold and delivered to Oklahoma buyers is not repugnant to the commerce clause.

We hold 68 O.S.1971 § 1407 as it applies to Liberty under the facts and circumstances now known does not create a constitutionally impermissible tax burden.

The Commission properly denied Liberty's protest of an audit of its books and records by the Commission.

AFFIRMED.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, BERRY, LAVENDER, BARNES and SIMMS, JJ., concur.

IRWIN, J., concurs in result.