The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Must non-profit clubs collect sales tax on entrance tickets and concession stand sales? A sales tax is a tax levied on the sales transaction itself. Liberty Steel Co. v. Oklahoma Tax Commission, 554 P.2d 8 (1976). Exemptions from taxation are strictly construed against the party asserting the exemption. Magnolia Petroleum Co. v. Oklahoma Tax Commission, 326 P.2d 821 (1958). A 2 percent tax is levied by 68 O.S. 1304 [68-1304] (1971) on, inter alia, the sale of: "(h) Foods, confections and all drinks sold or dispensed by hotels, restaurants, or other dispensers, and sold for immediate consumption upon the premises or delivered or carried away from the premises for consumption elsewhere. "(j) Dues or fees to clubs, and the sale of tickets or admissions to places of amusement, to athletic, entertainment, recreational events, or dues or fees for the privilege of having access to or the use of amusement, entertainment, athletic or recreational facilities, including free or complimentary passes, and tickets, admissions, dues or fees. Such free or complimentary passes, tickets, dues or fees are hereby declared to have a value equivalent to the sale price of tickets, passes, admissions, fees or dues of like kind or character." No exemption excusing transactions executed under the auspices of a non-profit organization appears in the sales tax provisions of the revenue code. It is, therefore, the official opinion of the Attorney General that sales of entrance ticket and concessions by a non-profit organization are subject to sales tax. (LEE ANNE WILSON-ZALKO) (ksg)